UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 0:13-22-DLB-2

UNITED STATES OF AMERICA,            PLAINTIFF,

V.            **ORDER**

ROBERT L. EVANS,            DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the undersigned pursuant to Defendant's motion for a psychiatric evaluation. [R. 211]. The Defendant asserts that it would be in the best interests of the Court and the Defendant to be examined prior to sentencing. Defendant's sentencing proceeding is scheduled for February 9, 2015. [R. 207]. Defense counsel's current motion states that the Defendant has exhibited mental deficiencies related to drug abuse and numerous blows to the head. The United States has responded that it does not oppose the motion for an examination. [R. 214].

Having considered the motion under the provisions of 18 U.S.C. §§ 3552(c), 3553(a)(1), 4241(a), 4244(a), 4247(b), and 4247(c) as well as the Federal Rules of Criminal Procedure, the Court hereby **ORDERS** as follows:

1)      The Defendant's Motion for an Examination [R. 211] is **GRANTED**.

         The Court orders that a psychological or psychiatric examination of

1

Defendant be conducted and that an appropriate report be filed with the Court, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

2) Pursuant to § 4247, Defendant shall be transported and committed to the custody of the Attorney General for placement in a suitable facility designated to perform the evaluation. Unless impracticable, the examination shall be conducted in the suitable facility closest to the Court.

3) Within fourteen (14) days, the United States Marshal shall designate Defendant to a suitable facility. Defendant's one-way transportation time (*i.e.*, time period between designation to a suitable facility and arrival at the designated facility and separately the post-evaluation transportation back to Marshal custody) shall not exceed ten (10) days, excluding weekends and federal holidays, for transportation to or from the evaluation site. The United States must immediately, by filing, alert the Court and defense counsel to any transportation period that exceeds this limit.

The United States shall file with the Court a status report that (a) identifies the site designated for evaluation by the BOP; and (b) identifies the transport period for Defendant (*i.e.*, Defendant's date of departure from the site of detention in this District and Defendant's date of arrival at the BOP's evaluation site). Then, by no later than the day prior to the post-evaluation

competency evaluation, the United States shall file with the Court a status report that identifies the return transport period for Defendant (*i.e.*,Defendant's date of departure from the BOP's evaluation site and Defendant's date of arrival back at the site of detention in this District).

4) The purpose of the evaluation shall be for conducting a psychiatric or psychological examination of Defendant, in accordance with this Order, by a licensed or certified psychiatrist and/or clinical psychologist.

5) Pursuant to Rule 12.2(c)(1)(A), Defendant is to submit to such examination as ordered above.

6) Pursuant to 18 U.S.C. §§ 4244(b) and 4247(c), the examiner designated to conduct such examination shall file with the Court as soon as possible after the completion of such examination a report of the examination with copies provided to counsel for Defendant and counsel for the United States. The report shall include:

a) Defendant's history and present symptoms;

b) a description of the psychiatric, psychological, and medical tests that were employed and their results;

c) confirmation that the examiner has secured and considered any medical records the examiner deems necessary to the examiner's findings and opinions;

d) the examiner's findings;

e) the examiner's opinions as to diagnosis, prognosis, and:

    (i)      whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (ii)     whether the person suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility; and

    (iii)    Any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

f) If the report includes an opinion by the examiners that the defendant is presently suffering from a mental disease or defect, but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiners concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need.

g) the examiner's curriculum vitae and/or listing containing his/her professional credentials and qualifications.

7)     Pursuant to 18 U.S.C. § 4247(b), Defendant shall be committed to the custody of the Attorney General for the purpose of such

examination for a reasonable period of time **NOT TO EXCEED THIRTY (30) DAYS**, unless otherwise ordered by the Court.

8) Defendant shall be returned to the custody of the United States Marshal at the completion of the evaluation ordered hereby. Defendant shall thereafter remain in the custody of the Marshal, pending further orders of this Court.

9) The Clerk of the Court shall make a copy of this Order available to the United States Probation Office in Ashland, Kentucky and the United States Marshal's Office in Ashland, Kentucky.

Signed November 12, 2014.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge